GABROY LAW OFFICES
Christian Gabroy (#8805)
Justin A. Shiroff (#12869)
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Tel    (702) 259-7777
Fax    (702) 259-7704

Alan J. Reinach, Esq. of counsel, *pro hac vice pending*
CHURCH STATE COUNCIL
2686 Townsgate Rd
Westlake Village, CA 91361
Telephone: (805)-413-7398
Facsimile: (805)-497-7099
Email: ajreinach@churchstate.org

Attorneys for Plaintiff DANIELA RIVAS

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| DANIELA RIVAS;<br><br>               Plaintiff,<br><br>vs.<br><br>CAESARS ENTERPRISE SERVICES, LLC;<br><br>               Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>**(Jury Trial Requested)**<br><br>1. Religious Discrimination in Violation of Title VII of the Civil Rights Act of 1964<br>2. Failure to Reasonably Accommodate Plaintiff's Religion in Violation of Title VII of the Civil Rights Act of 1964 |

Plaintiff DANIELA RIVAS alleges as follows:

## PARTIES

1. Plaintiff DANIELA RIVAS [hereinafter "RIVAS"] was employed in the housekeeping department of CAESARS PALACE by CAESARS ENTERPRISE SERVICES, LLC. At all times relevant herein, Plaintiff is an employee protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.* and is a member of a protected class based on her religion – Seventh-day Adventist.

2. Defendant CAESARS ENTERPRISE SERVICES, LLC [hereinafter "CAESARS"] is an employer as defined by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.*. With respect to Plaintiff's claims under the Civil Rights Act of 1991, 42 U.S.C. § 1981a, Defendant is an employer of more than 500 persons subject to that statute.

## JURISDICTION

3. This action is brought to remedy religious discrimination against Plaintiff Rivas. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42.U.S.C. §§ 2000e-(j), 2000e-2 and 2000e-3(a); the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

4. Jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §§ 1331, 1337 and 1343. Jurisdiction is founded upon the existence of a deprivation of Federal Civil Rights, a substantial Federal question, and in the context of employment, a subject of commerce.

5. Venue is proper in the District of Nevada pursuant to 42 U.S.C. § 2000e-5(f)(3) because Plaintiff's claim for relief arose out of her employment by Defendants in Clark County, Nevada, where all relevant events and omissions supporting Plaintiff's claims for relief occurred.

6. Plaintiff timely filed a charge of discrimination alleging religious discrimination and retaliation with the United States Equal Employment Opportunity Commission ["EEOC"]. Plaintiff received a right-to-sue letter from

the EEOC on August 19, 2019, and has therefore exhausted her administrative remedies and files this complaint within ninety (90) days of receipt of her EEOC right-to-sue letter.

### Demand for Jury Trial

7. Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

### FACTUAL ALLEGATIONS

8. Plaintiff Rivas was hired to work in the housekeeping department at Caesars Palace in or around September, 2017.

9. Rivas is a member of the Seventh-day Adventist Church and observes the Sabbath from Friday sundown to Saturday sundown as a day of rest and worship.

10. One of the important teachings of her church is to observe the Sabbath as a day of rest during which time secular work is not to be performed. Seventh-day Adventists believe that the obligation to refrain from secular work on the Sabbath was established by the Creator, not by the church, and that individuals are responsible to God for their obedience or disobedience.

11. Sabbath observance is important to Seventh-day Adventists for many reasons. The two primary reasons are: 1) that God rested on the Sabbath after He created the world and He reminds man to honor Him as the Creator by observing the Sabbath, as stated in the Ten Commandments [See Genesis 2:2-3; Exodus 20:8-11; Jeremiah 17:22]; and 2) that Jesus rested on the Sabbath when He came to show man how to live, and after He redeemed mankind by His death He asks mankind to observe the Sabbath as a sign that mankind is sanctified from sin [See Exodus 31:13; Isaiah 56:2; Ezekiel 20:12-20; Mark 15:42-44; Luke 23:54-56; and John 19:31].

12. Unlike most other Christian churches, members of the Seventh-day Adventist Church celebrate the Sabbath from sundown on Friday until sundown on

Saturday.

13. Observance of the Sabbath is reflected in the name of the church, i.e., "Seventh-day," and is included among the church's fundamental beliefs, listed as number 20:

> The beneficent Creator, after the six days of Creation, rested on the seventh day and instituted the Sabbath for all people as a memorial of Creation. The fourth commandment of God's unchangeable law requires the observance of this seventh-day Sabbath as the day of rest, worship, and ministry in harmony with the teaching and practice of Jesus, the Lord of the Sabbath. The Sabbath is a day of delightful communion with God and one another. It is a symbol of our redemption in Christ, a sign of our sanctification, a token of our allegiance, and a foretaste of our eternal future in God's kingdom. The Sabbath is God's perpetual sign of His eternal covenant between Him and His people. Joyful observance of this holy time from evening to evening, sunset to sunset, is a celebration of God's creative and redemptive acts. (Gen. 2:1-3; Ex. 20:8-11; Luke 4:16; Isa. 56:5, 6; 58:13, 14; Matt. 12:1-12; Ex. 31:13-17; Eze. 20:12, 20; Deut. 5:12-15; Heb. 4:1-11; Lev. 23:32; Mark 1:32.)

14. Rivas was interviewed for her job by Neide Marzola, a Housekeeping Manager for Caesars Palace. During the interview, Plaintiff Rivas informed Marzola that she is a Seventh-day Adventist who does not work on Saturdays due to her religion.

15. Upon information and belief, Marzola understood what Rivas told her, and hired her anyway.

16. Rivas passed her training and probation and began to be scheduled more frequently. She did not have any guaranteed number of hours and worked only part time.

17. Beginning around April, 2018, Caesars began to call Rivas to work more frequently, and scheduled her regularly to work on Saturdays.

18. Rivas provided a letter from her pastor to the person in charge of scheduling,

to inform her that she was requesting not to be scheduled to work on Saturdays.

19. Despite Rivas' efforts to obtain a religious accommodation, Defendant Caesars continued to regularly schedule Rivas to work on Saturdays, in violation of her religious beliefs and observance.

20. When Rivas did not work as scheduled on Saturdays, she was eventually charged with a violation of the attendance policy, and suspended on June 1, 2018.

21. Effective on or about June 13, 2018, Defendant Caesars terminated Rivas for not working as scheduled on Saturdays, in violation of its attendance policy.

## FIRST CAUSE OF ACTION
Religious Discrimination in Violation of
Title VII of the Civil Rights Act of 1964

22. Plaintiff incorporates by reference all of the above paragraphs, as though fully set forth herein.

23. Title VII of the Civil Rights Act, as amended, 42 U.S.C. Section 2000e et. seq. makes it unlawful for an employer to discriminate against an employee on the basis of religion.

24. Plaintiff is a member of a protected class, based on her religion – Seventh-day Adventist, and based on her religious practice – Sabbath observance.

25. After Defendant was notified of Plaintiff's religious observance of Sabbath, Defendant terminated Plaintiff because of her unavailability to work during that time.

26. As a direct and proximate result, Plaintiff has suffered harm in the form of past and future lost wages and benefits and other pecuniary loss, including, but not limited to, costs associated with finding other employment.

27. As a further direct and proximate result of Defendant's discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that she has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body, in an amount according to proof.

28. Plaintiff also seeks reasonable attorneys' fees, pursuant to 42 U.S.C. § 2000e-

5(k).

29. Defendant's conduct was despicable and the acts herein alleged were malicious, fraudulent and oppressive, and were committed with an improper and evil motive to injure Plaintiff, amounting to malice and in conscious disregard of plaintiff's rights. Plaintiff is thus entitled to recover punitive damages from Defendant in an amount according to proof.

## SECOND CAUSE OF ACTION
Failure to Reasonably Accommodate Plaintiff's Religion
in Violation of Title VII of the Civil Rights Act of 1964

30. Plaintiff incorporates by reference all of the above paragraphs, as though fully set forth herein.

31. Title VII imposes an obligation upon employers to provide reasonable accommodation for the religious beliefs and practices of its employees.

32. This obligation is effective when an employer has notice of the religious belief or practice that may require accommodation.

33. As alleged, Plaintiff Rivas herself notified both the hiring manager in her initial job interview, and later, the person scheduling Rivas to work, that she does not work on Saturdays because of her religion.

34. Defendant simply ignored the information obtained from Rivas regarding her need for religious accommodation and fired her.

35. In so doing, Defendant violated its obligation to make good faith efforts to provide Rivas reasonable religious accommodation.

36. As a direct and proximate result, Plaintiff has suffered harm in the form of past and future lost wages and benefits and other pecuniary loss, including, but not limited to, costs associated with finding other employment.

37. As a further direct and proximate result of Defendant's discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that she has

suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body, in an amount according to proof.

38. Plaintiff also seeks reasonable attorneys' fees, pursuant to 42 U.S.C. § 2000e-5(k).

39. Defendant's conduct was despicable and the acts herein alleged were malicious, fraudulent and oppressive, and were committed with an improper and evil motive to injure Plaintiff, amounting to malice and in conscious disregard of plaintiff's rights. Plaintiff is thus entitled to recover punitive damages from Defendant in an amount according to proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Daniela Rivas respectfully requests:

1. Compensatory economic damages including, but not limited to, back pay, front pay, lost value of benefits, in an amount according to proof at trial, including pre-judgment interest.

2. Compensatory non-economic damages including, but not limited to, past and future pain, suffering and emotional distress, in an amount according to proof at trial.

3. Injunctive relief ordering Defendant to reinstate Plaintiff Samantha Landers to her former position, with all the accrued benefits to which she would have become entitled; and including, but not limited to, court ordered training on prevention of discrimination, court ordered prohibition on engaging in future discrimination, along with any other appropriate injunctive relief according to proof at trial.

4. Declaratory relief in the form of a declaration that Plaintiff Landers was terminated for unlawful discriminatory reasons, along with any other appropriate declaratory relief according to proof at trial.

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 943-1936

5. Order Defendant to pay Plaintiff's reasonable attorney's fees and costs.

6. Order Defendant to pay Plaintiff punitive damages for its despicable conduct.

7. Grant such further relief as this Court deems just and proper.

September 17, 2019

Respectfully submitted,

*s/ Christian Gabroy*

---

Christian Gabroy, Esq.
Justin A. Shiroff, Esq.
The District at Green Valley Ranch
170 South Green Valley Parkway
Suite 280
Henderson Nevada 89012
Attorneys for Plaintiff Daniela Rivas