1

2

3                        **UNITED STATES DISTRICT COURT**

4                              **DISTRICT OF NEVADA**

5                                        * * *

6   DANIELA RIVAS,                              Case No. 2:19-cv-01637-KJD-DJA

7                      Plaintiff,
                                                **ORDER**
8          v.

9   CAESARS ENTERPRISE SERVICES, LLC,

10                     Defendant.

11

12         This matter is before the Court on Plaintiff Daniela Rivas' Motion for Leave to File First

13   Amended Complaint (ECF No. 30), filed on September 30, 2020.  Defendant filed a Response

14   (ECF No. 36) on October 14, 2020.  Plaintiff filed a Reply (ECF No. 37) on October 21, 2020.

15   This matter is also before the Court on Defendant's Motion for Leave to File Surreply (ECF No.

16   40), filed on October 23, 2020.  Plaintiff filed a Response (ECF No. 41) on October 26, 2020.  To

17   date, no reply has been filed.  The Court finds these matters properly resolved without a hearing.

18   *See* Local Rule 78-1.

19         The parties are familiar with the facts of this case and the Court will not repeat them here

20   except as necessary.  Plaintiff seeks to amend to add another defendant, Desert Palace, LLC,

21   given that she has just learned that entity was her employer instead of the current Defendant who

22   is listed on her IRS W-2 Form.  (ECF No. 30).  Defendant contends the late amendment would be

23   prejudicial as Plaintiff was given multiple notices that she had sued the wrong entity, her request

24   is made after a dispositive motion has been submitted, and 10 months after the deadline to amend

25   expired.  (ECF No. 36).

26         Rule 15(a)(2) of the Federal Rules of Civil Procedure, regarding the amendment of

27   pleadings, directs that "[t]he court should freely give leave when justice so requires."  The Ninth

28   Circuit Court of Appeals has repeatedly cautioned courts in this circuit to "liberally allow a party

1    to amend its pleading." *Sonoma Cnty. Ass'n of Ret. Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117

2    (9th Cir. 2013). "Courts may decline to grant leave to amend only if there is strong evidence of

3    'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

4    deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue

5    of allowance of the amendment, or futility of amendment, etc.'" *Id*. at 1117 (*quoting Foman v.*

6    *Davis*, 371 U.S. 178, 182 (1962)).

7        When leave to amend is sought after the amendment deadline in the court's scheduling

8    order has expired, the movant must also show good cause to reopen the amendment period and

9    excusable neglect for the delay. *See* Fed. R. Civ. P. 6(b)(1)(B) (stating "the court may, for good

10   cause, extend the time . . . on motion made after the time has expired if the party failed to act

11   because of excusable neglect."). In evaluating excusable neglect, the court weighs: "(1) the

12   danger of prejudice to the non-moving party, (2) the length of the delay and its potential impact

13   on judicial proceedings, (3) the reason for the delay, including whether it was within the

14   reasonable control of the movant, and (4) whether the moving party's conduct was in good faith."

15   *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004) (citing *Pioneer Investment Services Co. v.*

16   *Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993)). The weight assigned to

17   these factors is left to the court's discretion. *Id.* When a court can "conceive of facts that would

18   render plaintiff's claim viable," or "it appears at all possible that the plaintiff can correct the

19   defect," an amendment should not be found futile. *Balistreri v. Pacifica Police Dep't*, 901 F.2d

20   696, 701 (9th Cir. 1988) (internal quotation marks and citations omitted).

21       Preliminarily, the Court will grant Defendant's request to file a surreply. It will consider

22   all of the parties' arguments in deciding the request to amend. As to Plaintiff's request to amend,

23   the deadline to amend the pleadings and add parties expired on December 17, 2019. (ECF No. 9).

24   So, this request falls under the higher excusable neglect standard. After careful consideration of

25   all of the arguments, the Court finds that Plaintiff's requested amendment is supported by

26   excusable neglect. First, there is no danger of prejudice to Defendants – current and proposed.

27   As Plaintiff highlights, the current Defendant entity is listed on her W-2 form and since

28   Defendant's motion for summary judgment raised the issue of the proper employer entity,

1   Plaintiff seeks to proceed with her case on the merits.  Defendant is correct that discovery has

2   expired; however, they do not explain, and the Court cannot see, how much further discovery

3   would be needed just based on the addition of the new defendant entity.  The joint employer issue

4   is not new to the Court or the parties.  Most importantly, the Court is willing to extend the

5   discovery period to permit this case to be tried on its merits.

6          Second, the length of the delay and reason for the delay weigh in favor of granting

7   amendment.  Plaintiff clearly had the opportunity to amend the complaint earlier and the Court

8   finds the length of the delay troublesome.  Nevertheless, Plaintiff contends that it operated in

9   good faith based on the W-2 representation that she had sued the correct entity along with a job

10  offer, job fair application, and paystubs.  Indeed, the passage of time is not reason enough to

11  preclude amendment.  *See, e.g., Roberts v. Arizona Bd. of Regents*, 661 F.2d 796, 798 (9th Cir.

12  1981) ("Ordinarily, leave to amend pleadings should be granted regardless of the length of time

13  of delay by the moving party absent a showing of bad faith by the moving party or prejudice to

14  the opposing party.").  There is no trial date scheduled and the dispositive motions have not been

15  ruled on.  As the Court cannot find Plaintiff's operated in bad faith given her representations, it

16  will permit the amendment.

17         IT IS HEREBY ORDERED that Plaintiff Daniela Rivas' Motion for Leave to File First

18  Amended Complaint (ECF No. 30) is **granted**.  Plaintiff shall file and serve the amended

19  pleading in accordance with Local Rule 15-1.

20         IT IS FURTHER ORDERED that Defendant's Motion for Leave to File Surreply (ECF

21  No. 40) is **granted**.

22         DATED: November 2, 2020

23

24  _____

25  DANIEL J. ALBREGTS
    UNITED STATES MAGISTRATE JUDGE

26

27

28