1  CHRISTIAN GABROY, ESQ.
GABROY LAW OFFICES
2  THE DISTRICT AT GREEN VALLEY RANCH
170 S. GREEN VALLEY PARKWAY, SUITE 280
3  HENDERSON, NV 89102
TELEPHONE: (702) 259-7777
4  FACSIMILE: (702) 259-7704

5  ALAN J. REINACH, ESQ., PRO HAC VICE
CHURCH STATE COUNCIL
6  2686 TOWNSGATE RD
WESTLAKE VILLAGE, CA 91361
7  TELEPHONE: (805) 413-7396
FACSIMILE: (805) 497-3828
8

9  ATTORNEYS FOR PLAINTIFF DANIELA RIVAS

10                **UNITED STATES DISTRICT COURT**
                  **DISTRICT OF NEVADA**
11

12  DANIELA RIVAS,                        Case No.: 2:19-CV-01637-KJD-DJA

13                          Plaintiff,
    v.                                    **JOINT PRETRIAL ORDER**
14
    CAESARS   ENTERPRISE   SERVICES,
15  LLC, and DESERT PALACE, LLC
16                          Defendants.
17
18          After pretrial proceedings in this case,
19          **IT IS SO ORDERED:**
20                                **I.**
            **STATEMENT OF THE NATURE OF THE ACTION**
21              **AND THE PARTIES' CONTENTIONS**

22          Plaintiff alleges two causes of action against Defendant Desert Palace, LLC

23  ("Defendant" or "Caesars Palace")[1]:

24          1.      Failure to accommodate her religious observance of Sabbath, in violation of

25                  Title VII of the Civil Rights Act of 1964 and

26          2.      Religious Discrimination (disparate treatment) in Violation of Title VII of

27  _____
            [1] Plaintiff originally brought this lawsuit against Caesars Enterprise Services, LLC ("CES"), and later amended
28  her complaint to name Desert Palace, LLC as an additional defendant. *See* ECF No. 45. Concluding that CES cannot be
    liable for employment discrimination because it was not Plaintiff's employer, the Court held that the claims against CES
    could not survive summary judgment. *See* ECF No. 65, p. 4.

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

the Civil Rights Act of 1964.

**(a)    Plaintiff's Contentions:**

In its ruling on summary judgment, this Court already granted Plaintiff partial summary judgment with respect to her prima facie case that Caesars Palace failed to provide her a religious accommodation, i.e., Ms. Rivas has established she has 1) a sincerely held religious belief in observing the Sabbath as a day of rest and worship that conflicted with an employment duty; 2) she informed her employer of the belief and conflict; and 3) she was terminated for accumulating too many refusals due to her religious observance of Sabbath. Accordingly, Plaintiff contends that the facts supporting her prima facie case are not in contention. [ECF 65, at 8:6-20.].  Nothing in this JPTO should contradict such findings by this Court.

The Court also made a fact finding that "accommodation could be made without impact on the seniority system…" and, therefore, that the seniority system does not prevent an accommodation. [ECF 65, at 10:7-8.]

The remaining issue to be submitted to the jury is whether providing Ms. Rivas a religious accommodation "would pose an undue hardship on its schedulers and other Steady Extras". [ECF 65, at 10:9-10.] Plaintiff contends that Defendant bears the burden to prove undue hardship as an affirmative defense by introducing non-speculative evidence of actual hardships. Plaintiff contends it is impossible for Defendant to sustain its burden to prove undue hardship in light of the availability of temporary Guest Room Attendants who were used to fill in where needed, as well as the minimal effort it would take to just call another person. It bears repeating that in light of the Court's finding that the seniority system does not prevent an accommodation, Defendant cannot contend that any accommodation would be an undue hardship because it would violate its collective bargaining agreement

Also at summary judgment, the Court ruled that Ms. Rivas established the first three elements of her claim of religious discrimination: 1) that she is a member of a protected class; 2) that she was qualified for the position; and 3) that there was an adverse action. Plaintiff contends the evidence supports her claim that Defendant's policies and practices

19360919/037641.0167

operated in a discriminatory manner and that Defendant's actions give rise to an inference of discrimination. Ms. Rivas also contends that Caesars Palace cannot produce evidence of a legitimate non-discriminatory reason, because the only reason Caesars Palace has for terminating Ms. Rivas is because of her religious observance of the Sabbath.

Ms. Rivas seeks all available relief under our law including but not limited to: lost wages, emotional distress damages, punitive damages, injunctive relief, declaratory relief, costs and attorneys' fees.

Further, nothing in this JPTO is to contradict any of the findings in this Court's Order regarding summary judgment.

**(b)**     **Defendant's Contentions:**

Plaintiff's cause of action for failure to accommodate religion fails because any accommodation would result in an undue hardship on Caesars Palace given the language of the applicable collective bargaining agreement, which among other things, specifically requires Caesars Palace to offer shifts to Plaintiff and the other Steady Extra Guest Room Attendants in order of seniority.

Plaintiff's cause of action for religious discrimination under a traditional disparate treatment theory fails because similarly situated individuals outside her protected class were not treated more favorably than Plaintiff. That is, Caesars Palace applies the 25% refusal standard to Steady Extra employees regardless of their religion. Moreover, the other circumstances surrounding Plaintiff's termination do not give rise to an inference of discrimination. The ability to work any day, any shift was an essential function of the position at issue. Plaintiff could not satisfy that essential function, which led Caesars Palace to take the underlying employment action. Plaintiff's failure to fulfill an essential function of her position is a legitimate, nondiscriminatory reason for the termination.

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

19360919/037641.0167

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

## II.
## STATEMENT OF JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, and 1343 (Federal Question) as the two (2) causes of action arise under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et. seq.

## III.
## THE FOLLOWING FACTS ARE ADMITTED
## BY THE PARTIES AND REQUIRE NO PROOF:

1.      At Caesars Palace, hotel rooms are serviced by employees known as Guest Room Attendants ("GRAs").

2.      Caesars Palace employs many GRAs on a regular, full-time basis. It also employs a secondary group of GRAs that are hired on a "Steady Extra" basis. There is a third group of GRAs that are temporary ("Temporary GRA").

3.      Steady Extra employees are not assigned a regular work schedule, but rather, are assigned shifts on as as-needed basis.

4.      A Steady Extra is "a temporary or part-time employee . . . who is carried on the Employer's regular payroll and who may be called by the Employer to perform work in addition to, or as vacation or temporary absence replacement for regular employees."

5.      If a Steady Extra does not answer the phone when called, or refuses to work an offered shift, then the next Steady Extra in the rotation is contacted until the shift is filled.

6.      Steady Extras are permitted to refuse up to 25% of the shifts offered to them in a 60-day period.

7.      Daniela Rivas is a member of the Seventh-day Adventist Church[2].

8.      Seventh-day Adventists observe the Sabbath as a day of rest and worship from sundown Friday to sundown Saturday.

---

[2] Plaintiff contends that in this Court's Order, ECF #65, this Court ruled and found that "Rivas has established that she has a sincerely held religious belief." Defendants object to such quoted language in this Section and Plaintiff thus must include this established fact later in this JPTO.

4

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

9.      On September 29, 2017, Plaintiff began working for Caesars Palace as a Temporary GRA.

10.     After attending training Monday through Friday, Plaintiff worked as a Temporary GRA for several months until offered the opportunity to become a Steady Extra employee.

11.     Plaintiff began work as a "Steady Extra" GRA on February 5, 2018.

12.     Rivas submitted a letter from her pastor dated March 16, 2018, indicating that she is a Seventh-day Adventist and is unable to perform work duties during Sabbath hours.

13.     On June 13, 2018, Caesars Palace issued Plaintiff a termination notice, which she did not sign and such termination notice states "refuse to sign D.R."

14.     In September 2018, Rivas filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC").

15.     Rivas received a right-to-sue letter from the EEOC on August 19, 2019.

### IV.
### THE FOLLOWING FACTS, THOUGH NOT ADMITTED, WILL NOT BE CONTESTED AT TRIAL BY EVIDENCE TO THE CONTRARY:

None at this time.

### V.
### THE FOLLOWING ARE THE ISSUES OF FACT TO BE TRIED AND DETERMINED AT TRIAL:

1.      Whether Caesars Palace applies the 25% threshold to all Steady Extra employees regardless of their status.

2.      Whether Plaintiff was lawfully terminated.

3.      Whether Defendant's actions and/or omissions result in an inference of discrimination:

3a.     Whether, as Rivas contends, she informed Marzola at the time of her hiring that she does not work on Sabbath.

3b.     Whether Marzola hired Rivas knowing she would not work on Sabbath,

5

only to require her to work on Friday evenings and Saturdays thereafter.

        3c.     Whether Marzola delayed submitting to Human Resources the letter from Rivas' pastor, supporting her request for religious accommodation.

    4.     The negative impacts that would have been imposed on Caesars Palace, if any, if Plaintiff's requested accommodation was granted.

    5.     The amount of damages, wages, and benefits, if any, that Plaintiff suffered since her termination from Caesars Palace, taking into account her mitigation efforts.

    6.     Whether Plaintiff suffered emotional distress as a result of Caesars Palace acts and/or omissions.

    7.     Whether Plaintiff has a sincerely held[3] religious belief.

## VI.
## THE FOLLOWING ARE THE ISSUES OF LAW TO BE TRIED AND DETERMINED UPON TRIAL:

In its summary judgment ruling, the Court granted Plaintiff partial summary judgment on her prima facie case of failure to accommodate, and further found that she was entitled to partial summary judgment on the first three elements of her prima facie case of disparate treatment. Thus, only the following legal issues remain contested:

    1.     Whether Defendant has met its burden to prove by lawful evidence that it would have suffered undue hardship on its schedulers and other Steady Extras as a result of granting Rivas a religious accommodation.

    2.     Whether Rivas has proved the fourth element of her prima facie case of disparate treatment – that similarly situated individuals outside Plaintiff's protected class

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

---

[3] As stated in n.2, Plaintiff contends that in this Court's Order, ECF #65, this Court ruled and found that "Rivas has established that she has a sincerely held religious belief." Defendants object to such quoted language in this Section and Plaintiff thus must include this "established" fact later in this JPTO subject to any potential motion practice for ruling on this "question of fact" or "question of law."

were treated more favorably than Plaintiff or other circumstances surrounding the adverse employment action give rise to an inference of discrimination.

        2a.    If so, whether Defendant has a legitimate non-discriminatory reason for terminating Rivas, or whether such reason was merely pretext for discrimination.

    3.    Whether Plaintiff is entitled to damages, attorneys fees, and/or costs as allowed by law.

**VII.**
**STATEMENTS OF ANY OTHER ISSUES OF**
**FACT OR LAW DEEMED TO BE MATERIAL**

**(a)**    **Plaintiff contends the following are also material facts:**

The following facts were already found by this Court in its Order on the parties' motions for summary judgment. Based on the Court's findings, it is Plaintiff's contention that those facts are not at issue in this case including but not limited to:

Plaintiff holds a sincere religious belief. When Rivas became a Steady Extra, she was offered shifts in the rotation provided by the CBA. [ECF 65, at 2:13.] Some of those offerings were for shifts on the Sabbath. [*Id.*] Rivas told her supervisors that she could not work on Saturdays and procured a note from her pastor indicating as much. [*Id.*, at 2:14.] On June 1, 2018, Rivas was suspended pending investigation. [*Id.* at 2:27.] Defendant employed over 100 Steady Extras. After calling the Steady Extras, Caesars Palace would call the Temporary GRAs if needed.

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

7

**(b)**     **Defendant contends the following are also material facts:**

Steady Extra employees are a function of and governed by the collective bargaining agreement ("CBA") in effect between Caesars Palace and the union which represents Caesars Palace GRAs (the Culinary Union). The CBA states, at Section 10.07, "Except as provided in Section 20.03, and provided they are otherwise qualified to perform satisfactorily the work to be done, Steady Extra Board employees shall be offered a choice of all steady extra work in the order of their seniority amongst themselves before extra employees are hired." Under the CBA, when a scheduling gap arises necessitating the help of a Steady Extra employee, Caesars Palace is required to contact Steady Extras in the order of seniority, so that the Steady Extras with the most seniority get called first. Also under the CBA, Steady Extra employee may be terminated without recourse if the employee fails, refuses, or is unavailable to work more than twenty-five percent (25%) of the shifts made available to him/her in any sixty (60) day period (the "25% Threshold").

On September 20, 2017, Plaintiff completed a Job Fair Application in which she answered "yes" to the following question: "Are you available to work any day / all shifts?" In February 2018, Plaintiff was classified by Caesars Palace as a Steady Extra GRA, meaning she joined the list of Steady Extra employees that was created pursuant to and governed by the CBA. Between September 2017 and March 2018, Plaintiff declined several work shifts that were offered to her and which would have occurred on the Sabbath. Between September 2017 and March 2018, Plaintiff passed on other work shifts that did not fall on the Sabbath. Between September 2017 and March 2018, Plaintiff worked three (3) work shifts as a Steady Extra which fell on the Sabbath.

At Caesars Palace, Friday evenings through Sunday mornings tend to be the busiest time for the casino-hotel. Guest Room Attendants consider Friday evening and Saturday shifts to be the least desirable shifts to work.

Plaintiff's supervisor, Neide Marzola, sent the letter dated March 16, 2018, from Plaintiff's pastor to Human Resources for processing. On April 25, 2018, Plaintiff met with Caesars Palace "Absence Integrity Advisor" Nidia Fulcher. Ms. Fulcher was investigating

8

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

Plaintiff's request that she be excused from working shifts that occurred on the Sabbath. Ms. Fulcher explained to Plaintiff that she was only permitted to refuse 25% of her shifts, and that she was getting close to that limit. Caesars Palace made the determination that it was unable to grant Plaintiff the requested accommodation.

Plaintiff's refusals of shifts caused her to exceed the 25% Threshold. On June 1, 2018, Ms. Marzola issued Plaintiff a suspension pending investigation due to Plaintiff having exceeded the 25% Threshold. On June 4, 2018, Plaintiff met for a second time with Ms. Fulcher. On June 13, 2018, Caesars Palace issued Plaintiff a termination notice. The stated basis of Plaintiff's termination was that Plaintiff had exceeded the 25% Threshold.

(d)    Plaintiff contends the following are also issues for trial:

1.    Whether Plaintiff is entitled to punitive damages.

2.    Whether Plaintiff is entitled to declaratory relief in the form of a declaration that Plaintiff Rivas was terminated for unlawful discriminatory reasons.

3.    Whether Plaintiff is entitled to injunctive relief ordering Defendant to reinstate Plaintiff Daniela Rivas to her former position, with all the accrued benefits to which she would have become entitled.

4.    Whether Plaintiff is entitled to injunctive relief to court ordered training for Defendant on prevention of discrimination and for prohibition on engaging in future discrimination.

5.    Whether Plaintiff is a "prevailing party" entitled to costs and attorneys' fees.

### VIII.
### LIST OF EXHIBITS TO BE OFFERED INTO EVIDENCE

**(a)    The following Exhibits are stipulated into evidence in this case and may be so marked by the Clerk:**

| Exh No. | Joint Exhibit Description | Status |
|---|---|---|
| 1. | EEO Policy (CP_0005-6) | **Stipulated** |

19360919/037641.0167

| Exh No. | Joint Exhibit Description | Status |
|---|---|---|
| 2. | Pastor Carballo Letter, March 16, 2018 (CP_0015) | **Stipulated** |
| 3. | Rivas, Daniela Termination (CP_0026) | **Stipulated** |
| 4. | Performance Documentation (CP_0028) | **Stipulated** |
| 5. | Accommodation Case Action Log (CP_0051) | **Stipulated** |
| 6. | Rivas, Daniela Out of Work Dates, March 5 to May 6, 2018. (CP_0054-55) | **Stipulated** |
| 7. | Employee Basic Data (CP_0062) | **Stipulated** |
| 8. | Job Description (CP_0101-102) | **Stipulated** |
| 9. | Daniela Rivas Interview (CP_0057) | **Stipulated** |
| 10. | Email from N. Marzola, dated April 23, 2018 (CP_0058–CP_0059) | **Stipulated** |
| 11. | May 15-16, 2018 email between Neide Marzola and Nidia Fulcher (CP_0350-351) | **Stipulated** |
| 12. | Religious accommodation denial. May 22, 2018 (CP_0281) | **Stipulated** |

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

19360919/037641.0167

| Exh No. | Joint Exhibit Description | Status |
|---|---|---|
| 13. | SPI Case Action Log 6/1/2018 (CP_0072) | **Stipulated** |
| 14. | Nidia Fulcher Due Process Notes, June 4, 2018 (CP_0082-84) | **Stipulated** |
| 15. | HR Interview with N. Marzola, dated June 11, 2018 (CP_0077) | **Stipulated** |
| 16. | June 12, 2018 email from Sabrina Beckman to Neide Marzola, regarding termination (CP_0354) | **Stipulated** |
| 17. | Rivas, Daniela Refusals, March 25 to May 27, 2018 (CP_0086-87) | **Stipulated** |

**(b)** **As to the following exhibits, the party against whom the same will be offered objects to their admission on the grounds stated:**

**(1)** **Plaintiff's Exhibits with Defendant's Objections:**

| Exh No. | Plaintiff's Exhibit Description | Defendant's Objections |
|---|---|---|
| 18. | Candidate Disposition Summary (CP_0097) | Relevance, hearsay, lacks authentication, lacks foundation |
| 19. | Email chain between Admira Muhic, Neide Marzola and Nidia Fulcher April 23-May 5, 2018. (CP_0224-228) | Relevance, hearsay, lacks authentication, lacks foundation |

19360919/037641.0167

**GABROY LAW OFFICES**
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777  FAX: (702) 259-7704

| Exh No. | Plaintiff's Exhibit Description | Defendant's Objections |
|---|---|---|
| 20. | Candidate Disposition Summary/Hire Slip<br><br>(CP_0248) | Relevance, hearsay, lacks authentication, lacks foundation |
| 21. | Email chain between Kaitlin Riggio, Sabrina Beckman, Neide Marzola, & Nidia Fulcher June 7-9, 2018<br><br>(CP_0249-250) | Relevance, hearsay, lacks authentication, lacks foundation |
| 22. | Email chain between Neide Marzola and Nidia Fulcher April 19-23, 2018.<br><br>(CP_0290-292) | Relevance, hearsay, lacks authentication, lacks foundation |
| 23. | Email chain between Neide Marzola and Nidia Fulcher May 4-5, 2018.<br><br>(CP_0299-301) | Relevance, hearsay, lacks authentication, lacks foundation |
| 24. | Email chain between Neide Marzola and Nidia Fulcher April 23, 2018.<br><br>(CP_0302-305) | Relevance, hearsay, lacks authentication, lacks foundation |
| 25. | Email chain between Neide Marzola and Nidia Fulcher May 13, 2018.<br><br>(CP_0306) | Relevance, hearsay, lacks authentication, lacks foundation |
| 26. | Email from Nidia Fulcher to Sabrina Beckman re Daniela Rivas<br><br>(CP_0318) | Relevance, hearsay, lacks authentication, lacks foundation |
| 27. | June 6, 2018 email between Neide Marzola and Nidia Fulcher<br><br>(CP_0352-353) | Relevance, hearsay, lacks authentication, lacks foundation |
| 28. | June 1, 2018 email from Marzola Neide to Housekeeping scheduler<br><br>(CP_0360) | Relevance, hearsay, lacks authentication, lacks foundation |

19360919/037641.0167

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

| Exh No. | Plaintiff's Exhibit Description | Defendant's Objections |
|---|---|---|
| 29. | Rivas Application (CP_0522-26) | Lack of foundation, hearsay, lacks authentication, lacks foundation |
| 30. | Neide Marzola Training Report (CP_0527-28) | Relevance, hearsay, lacks authentication, lack of foundation |
| 31. | Aug 15, 2018 Pastor Dan Letter (CSC-00007) | Hearsay, relevance, lacks authentication, lacks foundation |
| 32. | Rivas 2018 W-2 from Caesars Enterprise Service (CSC_0012) | Hearsay, relevance, lacks authentication, lacks foundation |
| 33. | Rivas 2018 W-2 from My2Boys, LLC (CSC-0013) | Hearsay, relevance, lacks authentication, lacks foundation |
| 34. | Rivas 2018 W-2 from Top Shelf Building Maintenance (CSC-00014) | Hearsay, relevance, lacks authentication, lacks foundation |
| 35. | 2019-Trial – Documentation of Rivas Earnings | Hearsay, relevance, lacks authentication, lacks foundation, failure to produce during discovery or with initial disclosures |

**(2)     Defendant's Exhibits with Plaintiff's Objections:**

| Exh No. | Defendant's Exhibit Description | Plaintiff's Objections |
|---|---|---|
| 36. | NERC/EEOC Charge of Discrimination (CP_0071) | Relevance, Hearsay, Lack of Authentication; Lacks Foundation |
| 37. | Notice of Right to Sue | Relevance, Hearsay, Lack of |

13

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

| Exh No. | Defendant's Exhibit Description | Plaintiff's Objections |
|---|---|---|
| | (CP_0095) | Authentication; Lacks Foundation; Unfair Prejudice |
| 38. | Offer Letter, January 30, 2018 (CP_0099) | Relevance, Hearsay, Lack of Authentication; Lacks Foundation |
| 39. | Collective Bargaining Agreement (CP_0103-0212) | Relevance, Hearsay, Lack of Authentication; Lacks Foundation; Confusing, Cumulative, Plaintiff, via Meet and Confer, will act in good faith to reach resolution on potential stipulated portions of the CBA and via Motion in Limine, if necessary, for the admission of portions of the CBA. |
| 40. | Job Fair Application (CP 0014) | Relevance, Hearsay |
| 41. | Time Works records (CP_0018–CP_0024) | Relevance, Hearsay, Lack of Authentication; Lacks Foundation |
| 42. | Termination documentation (CP_0025) | Relevance, Hearsay, Lack of Authentication; Lacks Foundation |
| 43. | June 12, 2018 email from Neide Marzola to Sabrina Beckman (CP_0076) | Relevance, Hearsay, Lack of Authentication; Lacks Foundation |
| 44. | LC Term Info (CP_0529-CP_0533) | Relevance, Hearsay, Lack of Authentication; Lacks Foundation; Failure to Produce During Discovery or with Initial Disclosures; Speculative; Improper Character Evidence; FRE 611(a); unfair prejudice and confusing. |

14

19360919/037641.0167

| Exh No. | Defendant's Exhibit Description | Plaintiff's Objections |
|---------|--------------------------------|------------------------|
| 45. | JM Term Info (CP_0534–CP_0538) | Relevance, Hearsay, Lack of Authentication; Lacks Foundation; Failure to Produce During Discovery or with Initial Disclosures; Speculative; Improper Character Evidence; FRE 611(a); unfair prejudice and confusing. |

**(c)     Electronic Evidence:**

The parties intend to present electronic evidence for purposes of jury deliberations. They understand that they will receive instructions and guidance regarding what to submit before trial commences.

In addition, if needed for impeachment, the video recording of the deposition of Plaintiff will be offered.

**(d)     Depositions:**

**(1)     Plaintiff will offer the following depositions:**

Plaintiff reserves the right to use the deposition of Sabrina Beckman and/or Nidia Fulcher as permitted under Fed. Rule Civ. Pro. 32 but does not anticipate offering testimony via their depositions into evidence unless the individuals do not appear for trial.  If such individuals do not appear for trial, Plaintiff anticipates using such deposition testimony and will designate such testimony at that time. Further, Plaintiff reserves the right to utilize any such deposition transcript if such individual does not appear for trial per Fed. Rule Civ. Pro. 32 and FRE 804. Plaintiff intends on calling Fulcher and Beckman to testify in person if possible.

Reserving objection, pending ruling on issue, Plaintiff offers the following deposition excerpts at this time but reserves objection to modify/revise deposition testimony and exhibits at trial and reserves right to incorporate all such deposition excerpts as identified by Defendant:

*Deposition of Nidia Fulcher*, at 9:13 – 17, 10:9 – 11:19, 11:23 –25, 12: 3 – 13:5,

19360919/037641.0167

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

13:24 – 14:16, 14:17 – 15:1, 16:9 – 23, 17:3 – 21, 17:22 – 20:18, 21:16 – 23:4, 23:6 – 22, 23:23 – 25:8, 25:9-22 – 26:17, 25:19, 27:12 – 28:3, 28:4 – 13, 28:1 – 29:13, 29:14 – 32:5, 32:6 – 33:9, 34:3 – 40:17, 41:13 – 42:1, 41:12 – 20, 43:2 – 10, 44:17 – 20, 45:18 -22, 46:12 – 20, 46:21 – 47:8, 48:18 – 49:3, 49:7 – 19, 49:24 – 51:17, 51:23 – 52:6, 52:7 – 16,  54:6 – 56:23, 57:1 – 58:11, 58:12 – 59:4, 59:5 – 60:6, 60:7 -25, 61:1 – 7, 61:8 – 62:15, 62:16 – 63:13, 64:2 – 22, 64:23 –67:20, 67:24 – 69:4, 69:5 – 70:4,  70:9 – 71:4, 71:5 – 72:4, 3 – 73: 7 – 76:9, 76:13 – 77:12, 78:3 – 6, 78:22–79:3, 80:10 – 81:22, 82:21 – 83:22, 83:23 – 84:3, 84:5 –22, 85:3-13, 85:20 – 87:20, 87:22 – 88:14, 88:15 –90:22, 93:19 – 95:13, 95:18 – 97:10, 97:11 – 99:19,  100:24 – 103: 17, 102:18 – 103:5, 104:6 – 9, 104:13 –16.

*Deposition of Sabrina Beckman*, at 7:3 – 12, 7:18 – 22, 8:18 – 9-13, 9:18 – 12:4, 12:15 – 24, 13:12 – 24, 18:13 – 18, 19:22 – 20 :4, 20:5 – 23, 20:24 – 21:4, 21:6 – 8, 21:9 – 25, 22:4 –25:3, 25:20 – 26:8, 26:9 – 28:11, 28:12 – 29:11, 29:12 – 30:7, 30:10 – 23 – 32: 22, 32:23 – 33:10, 33:14 –34:25, 35:24 – 36:23, 37:6 – 38:6, 38:24 – 39:14, 39:15 – 18, 39:19 – 40:7, 42:25 – 43:18, 43:19 –44 :1, 44:2 – 45:8, 46:22 – 48:7, 49:8 – 50:13, 51:14 – 52:21, 53:7 – 55:1, 55:13 – 15, 56:7 – 59:5, 61:11 – 62:6, 62:8 – 64:11, 64:12 – 20, 64:24 – 65:8, 65:9 – 67: 6, 65:7 – 65:16, 65:17 – 66:12, 68:17 – 25, 70:8 –71:1, 74:11 – 76:16, 77: 21 – 78:1, 78:13 – 79:1, 79:6 – 22, 80:5 –81:13, 81:19 – 21, 82:5 – 14, 86:3 – 10, 89:14, 91:2 –11, 93:23 – 94:11, 96:2 – 97:5, 97:14 – 22.

**(2)     Defendant will offer the following depositions:**

*Deposition of Sabrina Beckman*, at 5:13–14; 6:21–25; 7:3–12; 7:18–8:13; 8:18–22; 12:5–13:19;  16:6–24; 17:16–22; 19:22–20:20; 22:1–5; 22:12–15; 23:22–25:3; 25:20–26:8; 27:25–28:2; 29:5–30:1; 30:10–20; 32:11–20; 32:23–13; 35:17–18; 36:17–23; 38:24–39:5; 39:11–25; 41:6–42:21; 49:8–50:13; 51:4–9; 52:16–21; 53:7–21; 54:14–17; 59:7–15; 63:11– 19; 64:9–11; 64:21–65:8; 67:7–68:4; 68:17–25; 70:21–71:1; 74:17–75:22; 76:3–77:15; 77:21–78:1; 78:22–79:8; 79:10–14; 80:5–20; 83:14–85:1; 86:21–87:3; 87:5–13; 89:1–5; 94:2–11; 94:17–95:11; 95:24–96:1; 96:11–97:19; and Exhibits 1–11 thereto.

*Deposition of Nidia Fulcher*, at 5:20–21; 10:9–11:19; 14:17–15:13; 15:16–16:3; 16:9–20; 19:4–7; 19:10–21; 20:2–4; 20:9–21:4; 21:16–23:8; 23:13–26:1; 26:7–17; 28:1–15;

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

28:19–25; 29:8–10; 32:6–24; 41:13–42:1; 42:22–43:6; 43:23–44:3; 44:11–23; 46:12–47:8; 49:7–19; 49:24–50:03; 50:19–21; 51:18–22; 53:8–19; 55:21–56:4; 57:2–5; 58:9–11; 59:6–7; 59:15–20; 60:12–25; 61:22–62:25; 64:23–65:5; 66:12–18; 67:24–69:4; 69:11–20; 69:23–70:4; 70:9–15; 70:17–71:23; 72:7; 73:7–16; 75:12–25; 76:15–16; 77:1–3; 77:8–12; 77:17–23; 78:25–79:3; 80:10–11; 80:16–22; 81:6–22; 82:10–83:1; 85:3–13; 89:23–90:3; 93:19–94:5; 94:24–95:2; 95:18–96:9; 96:19–22; 101:3–11; and Exhibits 1–6 thereto.

**(e)    Objections to Depositions:**

**(1)    Plaintiff has the following objections:**

Plaintiff reserves the right to object to any and all portions of the depositions of Sabrina Beckman and/or Nidia Fulcher if Defendant offers such portions of the depositions but does not anticipate that the depositions will be offered into evidence by Defendant since they are expected to appear for trial. If such individuals do not appear for trial, Plaintiff reserves all objections to Defendant's offering deposition testimony. Defendant has represented in this matter that they are counsel for Fulcher and Beckman.[4] Thus, the use of their testimony by Defendant is in violation of FRCP 32 and FRE 804(b). Plaintiff further objects to Defendant's request to include exhibits attached to Fulcher and Beckman's depositions that Defendant has not identified as an exhibit at trial. Defendant's effort to include additional exhibits in this section is improper.  To the extent such exhibit has been identified as a trial exhibit, Plaintiff incorporates by reference her objections stated above. Reserving objections, Plaintiff intends to call Beckman and Fulcher to testify per FRCP and the FRE via in person or via deposition per rule if necessary.

**(2)    Defendant has the following objections:**

Defendant objects to the wholesale admission of the entire transcripts of the depositions of Sabrina Beckman and Nidia Fulcher, if those witnesses do not appear for trial. Defendants reserves the right to object to any and all portions of the depositions of Sabrina Beckman and/or Nidia Fulcher if Defendant offers such portions of the depositions but does not anticipate that the depositions will be offered into evidence by Defendant since they are

---

[4] Defendant notes that these individuals no longer work for Defendant, though they did at the start of this case.

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

17

19360919/037641.0167

expected to appear for trial. If such individuals do not appear for trial, Defendant reserves all objections to Plaintiff's offering deposition testimony.

### IX.
### THE FOLLOWING WITNESSES MAY BE CALLED BY
### THE PARTIES AT TRIAL:

(a)     **Plaintiff's witnesses:**

Daniela Rivas
Plaintiff
c/o Gabroy Law Offices
Christian Gabroy, Esq.
The District at Green Valley Ranch
170 South Green Valley Parkway, #280
Henderson, Nevada 89012

Jose Zapata
c/o Gabroy Law Offices
Christian Gabroy, Esq.
The District at Green Valley Ranch
170 South Green Valley Parkway, #280
Henderson, Nevada 89012

Carlos Quinones
c/o Gabroy Law Offices
Christian Gabroy, Esq.
The District at Green Valley Ranch
170 South Green Valley Parkway, #280
Henderson, Nevada 89012

Dan Hilasaca
Pastor
c/o Gabroy Law Offices
Christian Gabroy, Esq.
The District at Green Valley Ranch
170 South Green Valley Parkway, #280
Henderson, Nevada 89012

Benjamin Carballo
Pastor
c/o Gabroy Law Offices
Christian Gabroy, Esq.
The District at Green Valley Ranch
170 South Green Valley Parkway, #280
Henderson, Nevada 89012

Neide Marzola
Housekeeping Manager
Phone Number Unknown
Address Unknown

Sabrina (Beckman) Grant
Director of Human Resources at WynnBET

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777  FAX: (702) 259-7704

19360919/037641.0167

Phone Number Unknown
Address Unknown

Nidia Fulcher
Human Resources Consultant at Amazon
Phone Number Unknown
Address Unknown

Terrance M. Clauretie, Ph.D
c/o Gabroy Law Offices
Christian Gabroy, Esq.
The District at Green Valley Ranch
170 South Green Valley Parkway, #280
Henderson, Nevada 89012

**(b)**     **Defendant's witnesses:**

Daniela Rivas
Plaintiff
c/o Gabroy Law Offices
Christian Gabroy, Esq.
The District at Green Valley Ranch
170 South Green Valley Parkway, #280
Henderson, Nevada 89012

Neide Marzola
Housekeeping Manager
Phone Number Unknown
Address Unknown

Sabrina (Beckman) Grant
Director of Human Resources at WynnBET
Phone Number Unknown
Address Unknown

Nidia Fulcher
Human Resources Consultant at Amazon
Phone Number Unknown
Address Unknown

Servando Lara
c/o Shannon S. Pierce, Esq.
Fennemore Craig, P.C.
7800 Rancharrah Parkway
Reno, NV 89511
Phone: (775) 788-2200
Email: spierce@fennemorelaw.com

Kevin B. Kirkendall, MBA, CPA, CFE
c/o Shannon S. Pierce, Esq.
Fennemore Craig, P.C.
7800 Rancharrah Parkway
Reno, NV 89511
Phone: (775) 788-2200

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777  FAX: (702) 259-7704

19

19360919/037641.0167

Email: spierce@fennemorelaw.com

Any and all witnesses needed for impeachment or rebuttal testimony as trial proceeds.[5]

The parties incorporate all custodians of records as witnesses as well.

## X.
## PROPOSED TRIAL DATES

The attorneys have met and jointly offer these three trial dates: 9/26/2022; 10/3/2022, 10/11/2022.

It is expressly understood by the undersigned that the Court will set the trial of this matter on one of the agreed-upon dates if possible; if not, the trial will be set at the convenience of the Court's calendar.

## XI.
## ANTICIPATED LENGTH OF TRIAL

It is estimated that the trial herein will take a total of three (3) days.

## XII.
## MOTIONS *IN LIMINE*

The parties anticipate filing motions *in limine* but have not yet finalized their respective motions. Motions *in limine* will be filed pursuant to Local Rule 16-3(b). The parties agree to meet and confer before the filing of motions *in limine* in an effort to reduce the number of motions to be resolved by the Court. If the parties are able to reach agreement in lieu of filing motions *in limine*, the parties will file a stipulation reflecting their agreement. Such stipulation shall be filed on or before the deadline to file motions *in limine*.

---

[5] If Plaintiff does not concede that Friday and Saturday nights were regarded as the worst GRA shifts, Defendant reserves the right to call the following GRAs who will testify to this point: Letisha Gillet, Snjezana Smith, Sugey Lopez, and Nadializbeth Gonzalez. Plaintiff objects to these previously undisclosed witnesses as improper. "Rebuttal testimony" is not proper for Defendant to establish its claims and defenses but is limited to that which is precisely directed to rebutting new matter or new theories presented in a party's case-in-chief. *Yang v. ActioNet, Inc.*, 2015 WL 13376522, at *8 (C.D. Cal., 2015) (*citing Step–Saver Data Sys., Inc. v. Wyse Tech.*, 752 F.Supp. 181, 193 (E.D. Pa. 1990) *aff'd in relevant part and rev'd in part on other grounds*, 939 F.2d 91 (3d Cir. 1991)); *Upshur v. Shepherd*, 538 F. Supp. 1176, 1180 (E.D. Pa. 1982), *aff'd*, 707 F.2d 1396 (3d Cir. 1983).

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

20

**APPROVED AS TO FORM AND CONTENT:**

DATED:  February 11, 2022

GABROY LAW OFFICES

By: */s/ Christian Gabroy*

Christian Gabroy, Esq.
GABROY LAW OFFICES
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, NV 89012

Alan J. Reinach, Esq.
CHURCH STATE COUNCIL
2686 Townsgate Rd.
Westlake Village, CA 91361

*Attorneys for Plaintiff*

DATED: February 11, 2022

FENNEMORE CRAIG, P.C.

By: */s/ Kelly Peters*

Shannon S. Pierce, Esq.
Kelly Peters, Esq.
7800 Rancharrah Parkway
Reno, NV  89511

*Attorneys for Defendant*

## XII.
## ACTION BY THE COURT

(a)    This case is set for jury trial on the ~~fixed~~/stacked calendar on:1/23/2023 at 9:00 a.m.

(b)    Calendar call shall be held on: 1/17/2023 at 9:00 a.m.

(c)    Jury trials:

(1)    An original and two (2) copies of all instructions requested by either party shall be submitted to the Clerk for filing on or before:

21

19360919/037641.0167

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

(2) An original and two (2) copies of all suggested questions of the parties to be asked of the jury panel by the Court on voir dire shall be submitted to the Clerk for filing on of before:

(3) Motions *in Limine* shall be filed on or before:

The foregoing pretrial order has been approved by the parties to this action as evidenced by the signatures of their counsel hereon, and the order is hereby entered and will govern the trial of this case. This order shall not be amended except by order of the Court pursuant to agreement of the parties or to prevent manifest injustice.

DATED:  3/23/2022

_____
UNITED STATES DISTRICT JUDGE

19360919/037641.0167